UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEBORAH LEBLANC** | **CIVIL DOCKET NO. 6:21-cv-01975** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JAIME HOYOS-OCAMP, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is DEFENDANTS' RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, ALTERNATIVELY, RULE 59 MOTION FOR NEW TRIAL, OR, ALTERNATIVELY, RULE 59 MOTION TO ALTER AND AMEND JUDGMENT (the "Motion") [Doc. 223] filed by Defendants Jaime Hoyos-OCamp, BDG Trees, LLC, Endurance American Specialty Insurance Company, and GuideOne National Insurance Company (hereinafter, "Defendants"). Plaintiff Deborah Leblanc ("Plaintiff") opposes the Motion [Doc. 232], and Defendants filed a Reply brief [Doc. 233]. On August 12, 2025, the Court conducted oral argument on the Motion. [Docs. 237 & 238]. Considering the briefs of the parties, the arguments in open court, and the record before the Court, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

### I. Factual and Procedural Background

The instant lawsuit arises out of a motor vehicle accident, which occurred on March 22, 2021, in Iberia Parish, Louisiana. On this date, Deborah Leblanc was operating a 1997 Ford Crown Victoria in an easterly direction on LA Highway 92. Defendant, Jaime Hoyos-OCamp, was operating a 2018 Dodge Ram box truck, which was loaded with logs, in a westerly direction on LA Highway 92. At the time, Mr.

OCamp was in the course and scope of his employment with BDG Trees, LLC. Mr. OCamp lost control of his vehicle, causing it to enter Plaintiff's lane of travel and striking her vehicle head-on. The facts surrounding the accident were not disputed, and the Defendants stipulated to liability prior to trial.

The parties proceeded to a jury trial on April 7-11, 2025, on the issue of damages. Prior to trial, the parties entered into a *Gasquet* settlement, whereby the Plaintiff settled with Mr. OCamp and BDG Trees, LLC, who remained in the case only nominally to allow the Plaintiff to pursue damages from Endurance American Specialty Insurance Company and GuideOne National Insurance Company under excess insurance policies. [Doc. 196] (sealed). The stipulation states as follows:

> The parties have stipulated and agree, subject to an agreement that this stipulation and any evidence of a prior settlement will be under seal and will not be disclosed to the jury, that a confidential "*Gasquet* Receipt, Release, Indemnification and Hold Harmless Agreement" in settlement was previously reached in this matter between Plaintiff and Defendants Jaime Hoyos Ocampo ("Ocampo"), BDG Trees, LLC ("BDG"), Old Republic Insurance Corporation, Navigators Specialty Insurance Company, Lexington Insurance Company, and Allied World Assurance Company (U.S.) Inc., for the full amount of the first $15,000,000.00 of insurance coverage. All claims against Old Republic Insurance Corporation, Navigators Specialty Insurance Company, Lexington Insurance Company, and Allied World Assurance Company (U.S.) Inc. have been fully and finally released pursuant to the aforementioned settlement agreement. All claims against BDG and Ocampo for uninsured exposure or damages of any kind or amount have also been fully and finally released pursuant to the aforementioned settlement agreement. Therefore, Endurance Specialty Insurance Company, which provided the next layer of insurance coverage for Ocampo and BDG, would only be liable for any amount awarded over $15,000,000.00, up to its $5,000,000.00 policy limits. Additionally, GuideOne National Insurance Company, which provided the next layer of insurance coverage for Ocampo and BDG, would only be liable for any amount awarded over $20,000,000.00, up to its $5,000,000.00 policy limits. The parties also agree that judicial interest and court/trial costs may be owed by Endurance Specialty Insurance Company and GuideOne National

> Insurance Company as determined by the law and the policy of insurance, as well as the Gasquet release previously executed by the plaintiff.

*Id.*

At the conclusion of the Plaintiff's presentation of evidence, Defendants moved for judgment as a matter of law pursuant to FRCP 50(a). Specifically, Defendants argued they were entitled to judgment because a reasonable juror could not find, based on the stipulation that had been entered into the record, that Plaintiff's damages exceeded the amount she had already received by way of the *Gasquet* settlement. The Court denied the motion, [Doc. 204], and the jury ultimately awarded the Plaintiff the following damages: (1) $1,672,791.92 in past medical expenses; $4,079,752 in future medical expenses; and (3) $32,300,000 in general damages. Because of the terms of the *Gasquet* settlement, both Endurance American Specialty Insurance Company and GuideOne National Insurance Company were cast in judgment for $5,000,000.

In the instant Motion, Defendants renew their motion under Rule 50(b), again arguing that no reasonable juror could find that the Plaintiff is entitled to any recovery beyond what she has already received pursuant to the *Gasquet* settlement, and that they are entitled to judgment as a matter of law on the issue of the amount of damages to which the Plaintiff is entitled. Alternatively, Defendants seek a new trial, or an amended judgment, on grounds the damages awarded by the jury were excessive, pursuant to FRCP 59.

## II. Legal Standards

### A. FRCP 50

Federal Rule of Civil Procedure 50(b) allows a court to review its earlier denial of a Rule 50(a) motion as a matter of law if the movant again raises the motion after a jury verdict. *Kevin M. Ehringer*, 646 F.3d at 324–25, *citing Downey v. Strain*, 510 F.3d 534, 543 (5th Cir.2007). A motion for judgment notwithstanding the verdict "is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Heck v. Triche*, 775 F.3d 265, 272-73, *quoting Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). The Fifth Circuit's "standard of review with respect to a jury verdict is especially deferential," *Brown v. Bryan County, OK.*, 219 F.3d 450, 456 (5th Cir. 2000), and "[a] jury verdict must be upheld unless there is no legally sufficient basis for a reasonable jury to find as the jury did." *Heck*, 775 F.3d at 273, *quoting Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008). In considering a Rule 50(b) motion, the court must draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmovant. *Id.*, *citing Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001). *See also Apache Deepwater, L.L.C. v. W&T Offshore, Inc.*, 930 F.3d 647, 653 (5th Cir. 2019) (citations and quotations omitted) (a party is only entitled to judgment as a matter of law on an issue where no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise); *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (a district court must deny a motion for judgment as a matter of law "unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion).

### B. FRCP 59 Standard

Alternatively, Defendants seek a new trial under FRCP 59(a), which permits a district court to grant a new trial "on all or some of the issues after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a).[1] Though undefined by the Rule, a district court may grant a new trial if, for example, it finds that "the verdict was against the weight of the evidence," or "the damages awarded were excessive." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 784 (5th Cir. 2018). "A motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dahlen v. Gulf Crews, Inc.*, 281 F.3d 487, 497 (5th Cir. 2002). The decision to grant or deny a motion for a new trial, including the determination of whether a verdict is against the great weight of the evidence, is a question committed to the court's sound discretion. *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 230 (5th Cir. 2020); *Foradori v. Harris*, 523 F.3d 477, 503-04 (5th Cir. 2008).

"Where a damage award is excessive or so large as to appear contrary to right reason, the award is generally subject to remittitur, not a new trial." *Warner v. Talos ERT, L.L.C.*, 133 F.4th 412, 427 (5th Cir. 2025), *citing Marcel v. Placid Oil Co.*, 11 F.3d 563, 568 (5th Cir. 1994). To determine whether an award is excessive, courts generally compare it "with rulings in other factually similar cases decided under

---

[1] Rule 50 provides that a party "may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b); *Long v. Shultz Cattle Co.*, 881 F.2d 129, 132 (5th Cir. 1989) (An alternative motion for a new trial "may be granted even if the moving party is not entitled to judgment as a matter of law.").

controlling law." *Warner*, 133 F.4th at 430, *citing Marcel*, 11 F.3d at 568. *See also Pete v. Boland Marine & Mfg. Co., LLC*, 379 So. 3d 636, 644 (La. 2023), *reh'g denied*, 374 So. 3d 135 (La. 2023) (Louisiana appellate courts consider "prior awards in similar cases, as well as the particular facts and circumstances of the case under review."). Furthermore, "[u]nder the [maximum-recovery] rule, 'we remit damage awards that we find excessive to the maximum amount the jury could have awarded.'" *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 738 (5th Cir. 2011) (citation omitted). The maximum-recovery rule "permits a verdict at 150% of the highest inflation-adjusted recovery in an analogous, published decision." *Warner*, 133 F.4th at 430 *Echeverry*, 988 F.3d at 236, *quoting Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 365 (5th Cir. 2019). [2]

---

[2]   In discussing the difference between a Rule 50(b) and a Rule 59 motion, the following is instructive:

> The motions have wholly distinct functions and the two are governed by entirely different standards. *Id.* Although the evidence may be legally sufficient to take the case to the jury so that a judgment as a matter of law is not justified, still a new trial may be warranted where the verdict is against the great weight of the evidence. *See Urti v. Transp. Commercial Corp.*, 479 F.2d 766, 768 (5th Cir. 1973). "The court has wide discretion to order a new trial whenever prejudicial error has occurred." *Op Art*, 2006 WL 3347911, at *1. Among the grounds for a new trial are that the verdict is against the weight of evidence, that the damages are excessive, or for other reasons the trial was not fair. *See Montgomery Ward and Co. v. Duncan*, 311 U.S. 243, 251 (1940).

*Veach v. State Farm Lloyds*, 2022 WL 1651951, at *1 (N.D. Tex. May 23, 2022). Significantly, in *Martin v. Heritage Manor S. Nursing Home*, the Louisiana Supreme Court cited Frank Maraist and Harry T. Lemmon, who explained:

> The important distinction between a JNOV and a judgment granting a new trial is that a JNOV reverses the jury's award and makes the apparent winner the loser, while a judgment granting a new trial merely erases the jury verdict (or trial court judgment) and puts the parties in the positions they occupied prior to trial.

### C. Louisiana Law Applies to the Issue of Damages

As an initial matter, in this diversity case, state substantive law controls what injuries are compensable and in what amount. *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 364 (5th Cir. 2019), *citing Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 430-31, 116 S. Ct. 2211, 135 L.Ed.2d 659 (1996) (state law governs "review [of] the size of jury verdicts" in diversity cases*)*. Thus, when looking at the amount of damages, and particularly the issue of whether they are excessive, state law should be applied at the first step, however, the maximum-recovery rule is used in setting any remittitur. *Longoria*, 932 F.3d at 366. *See also Warner*, 133 F.4th at 430.

## III. Analysis

As explained hereinabove, under Rule 50(b), the Court's analysis is highly deferential to the jury's verdict. Here, the jury heard four days of testimony about the Plaintiff's accident, her extensive injuries, and the care she will require in the future. As part of the Plaintiff's presentation of evidence, the jury heard that the Plaintiff was rendered unconscious from the impact of the accident; was extricated from the vehicle by emergency personnel; and was air-lifted for immediate emergency medical treatment. The Plaintiff was hospitalized for over 30 days; underwent multiple surgeries; and remained in inpatient care for three weeks after being discharged from the hospital. Plaintiff endured at least seven surgeries to try and save her right leg before it ultimately was amputated, and the jury heard evidence of her considerable difficulties in finding a prosthetic leg that fits and does not hurt to

---

784 So. 2d 627, 631 n.4 (La. 4/3/01), *citing* Frank L. Maraist and Harry T. Lemmon, *Louisiana Civil Law Treatise, Volume 1, Civil Procedure,* § 13.4, p. 353 (1999).

wear. Additionally, Plaintiff suffered a subarachnoid/subdural hemorrhage on neuroimaging consistent with a closed head injury and was subsequently diagnosed with mild neurocognitive disorder due to post-traumatic brain injury. Kayla Perrin, the Plaintiff's daughter, testified about her mother's vibrant life before the accident, in which she enjoyed vacations to the beach, playing with her grandchildren, and gardening. Ms. Perrin further testified that her mother's cognitive deficiencies and prosthetic leg issues now hinder most of her activities. The jury also heard from the Plaintiff herself, who speaks with slightly slurred speech, and who testified about the ways in which her life has changed since the accident. The jury also heard competing expert testimony from numerous qualified expert witnesses concerning the extent and scope of the Plaintiff's injuries, particularly her brain injury and her amputation.[3]

Considering the record of this case, the Court concludes that the testimony adduced at trial forms a sound basis of support for the jury's verdict, and the Defendants have presented no overwhelming evidence that points so strongly in their favor that reasonable jurors could not reach a contrary conclusion. Therefore, the

---

[3] Specifically, the Court heard evidence and testimony from Dr. Robert Autin (general surgery and trauma); Dr. Blake Saul (orthopedic surgery and trauma); Dr. David Weir (neurology); Dr. Jeffery Lewine (neuroscience); Dr. Susan Andrews (clinical neuropsychology); Dr. Daniel Hodges (psychiatry and pain management); Michelle Castille (prosthetics); Cheryl Troxclair (physical therapy); Dr. Mary Ann Miknevich (physical medicine and rehabilitation); Dr. Shelly Savant (neurology and life care planning); G. Randolph Rice, Ph.D. (economics); Dr. Joshua Shimony (neuroradiology); Denis Boudreaux (finance and economics); Laura Woodruff Rasmussen, Psy.D. (neuropsychology); Dr. Archie Melcher (neurology); and Stephanie S. Haupt (life care planning).

Court must deny the Defendants' Motion for Judgment as a Matter of Law under FRCP 50(b).

Turning to the Defendants' Rule 59 Motion, however, the Court finds that the damages awarded by the jury are excessive. While the evidence at trial showed that the Plaintiff's injuries are unquestionably significant, she is not house-bound, she lives independently, and she still participates in activities and vacations with her family.[4] Yet the parties have not provided this Court—nor has the Court found—an analogous case providing any foundation for a comprehensive remittitur analysis. Indeed, Plaintiff concedes that there is "no directly analogous case capturing the breadth of [the Plaintiff's] injuries, disability, and suffering," and argues that the Court should therefore evaluate each of her major injuries independently and aggregate the quantum of damages. Louisiana law makes clear that this approach is improper. *See, e.g., Brouillette v. State Through Dep't of Highways*, 275 So. 2d 196, 199 (La. App. 3d Cir. 1973) (where defendant/appellant filed motion for new trial/remittitur and argued the court should divide the plaintiff's injuries into several categories and that the plaintiff's damages should be the sum of the awards for the individual injuries she sustained, court held that "[s]uch an approach has no basis in law or in reason."); *Smith v. Harrah's New Orleans Mgmt. Co.*, 213 F. App'x 353, 362 (5th Cir. 2007) (in assessing motion for new trial or remittitur, court found that

---

[4] When considering damages, the Defendants urge this Court to strictly apply state standards and contend that because the maximum recovery rule is not part of the new trial/remittitur standard under Louisiana law, the rule should not be applied in this case. However, as the Plaintiff argues, the Fifth Circuit recently affirmed a district court's remittitur of a jury's damages award using the maximum recovery rule. *See Warner*, 133 F.4th at 430.

Louisiana courts assess total damages *in globo* rather than piecemeal). And the Defendants selected a case—*Netecke v. State through Dep't of Transp. and Development*, 715 So. 2d 439, 442 (La. App. 3d Cir. 1998), *rev'd sub nom. Netecke ex rel. DOTD*, 747 So. 2d 489 (La. 1995)[5]—that is not sufficiently analogous for the Court to conduct a meaningful remittitur analysis. Furthermore, conducting a remittitur analysis using the Defendants' preferred case would result in a damages amount less than the *Gasquet* settlement. Plaintiff would therefore in all likelihood decline the remittitur and opt for a new trial. *See, e.g., Foradori v. Harris*, 523 F.3d at 503.

Here, the jury awarded the Plaintiff $32,300,000 in lump sum general damages.[6] While "the ultimate determination [that the fact finder] abused their 'much discretion' as a matter of law is a judgment call," *Coco v. Winston Indus., Inc.*, 341 So. 2d 332, 335 (La. 1976), the Court is mindful that it, too, has wide discretion to order a new trial whenever prejudicial error has occurred. *Op Art, Inc. v. B.I.G. Wholesalers, Inc.*, 2006 WL 3347911, at *1 (N.D. Tex. Nov. 17, 2006). Upon thoughtful consideration of the individual circumstances of this case, and a review of Louisiana

---

[5] In *Netecke*, the plaintiff was hit head-on by a driver who crossed the center line of a highway. Though there are some similarities in the injuries of both plaintiffs, including a closed head injury and an amputation of a leg, 715 So. 2d at 442, there were significant differences between the plaintiffs in terms of injuries and prognosis. In *Netecke*, the jury awarded the plaintiff $400,000 each for physical pain and suffering, mental pain and suffering, and loss of enjoyment of life, for a general damages award of $1,200,000. On appeal, the Louisiana Third Circuit held that $1,500,000 was the lowest reasonable amount within the fact finder's discretion to compensate the plaintiff for her loss of enjoyment of life, while the other two categories of general damages remained unchanged. *Id.* at 448. Therefore, the plaintiff was awarded $2,300,000 in general damages, resulting in an additur. *Netecke*, 747 So. 2d at 500 (on appeal, only the percentages of fault of the defendants were altered).

[6] Although the verdict form does not delineate the categories of general damages, the jury was instructed on the legal standards for pain and suffering, disability, disfigurement, mental anguish, and loss of enjoyment of life under Louisiana law. [Doc. 207].

case law, the Court concludes that the totality of the evidence is not sufficient to substantiate a general damages award of $32,300,000. For these reasons, and because of the unique circumstances of this case vis-à-vis the terms of the *Gasquet* settlement, the Court finds that a new trial as to the amount of general damages recoverable by Plaintiff—and not remittitur—is appropriate.

Considering the foregoing,

IT IS HEREBY ORDERED that DEFENDANTS' RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, ALTERNATIVELY, RULE 59 MOTION FOR NEW TRIAL, OR, ALTERNATIVELY, RULE 59 MOTION TO ALTER AND AMEND JUDGMENT [Doc. 223] is GRANTED IN PART and DENIED IN PART. Defendants' RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW is DENIED. Defendants' RULE 59 MOTION FOR NEW TRIAL is GRANTED.

IT IS FURTHER ORDERED that the trial of this matter on the issue of general damages is SET for **March 2, 2026**, and the pre-trial conference is set for **February 4, 2026, at 3:00 p.m**. No additional pre-trial motions will be filed by the parties, however a new pre-trial order with all attachments shall be filed no later than **January 28, 2026**. A Scheduling Order will issue under separate cover.

THUS, DONE AND SIGNED in Chambers on this 29th day of October 2025.

                                                                          _____
                                                                          DAVID C. JOSEPH
                                                                          UNITED STATES DISTRICT JUDGE